## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP TAYLOR; | ) |
|     Plaintiff | ) Civil Action No. 22-cv-217 |
| v. | ) Judge Summerhays |
| | ) Mag. Whitehurst |
| SOUTH LA CONTRACTORS, LLC; and BRADFORD MELANCON; | ) |
|     Defendants | ) |

### PLAINTIFF'S OPPOSITION TO MOTIONS FOR PARTIAL DISMISSAL

Plaintiff Philip Taylor, through counsel, hereby files this opposition to the motions for partial dismissal filed by Bradford Melancon, (Dkt. #15) and South LA Contractors, LLC (Dkt. #16).

Both defendants allege that the Fair Labor Standards Act (FLSA) claims partially – but not completely – preempt Plaintiff's claims under state law.[1] Defendant Melancon further alleges that the Complaint does not state a claim for individual liability under the LWPA.[2] Both of these assertions are unfounded, and the Motions for Partial Dismissal should be denied in their entirety.

### LEGAL STANDARD

On a motion to dismiss, the Court must "accept all factual allegations in the complaint as true" and "draw all reasonable inferences in Plaintiff's favor."[3] A "complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief -- including factual allegations that when assumed to be true raise a right to relief above the speculative level."[4] Indeed, a motion to dismiss should be denied if the facts of the Complaint sets forth a valid claim for relief

---

1   *See* Dkt. #15-1 at pp. 3-5 and Dkt. #16-1 at pp. 2-3.
2   *See* Dkt. #15-1 at pp. 2-3.
3   *Lormand v. U.S. Unwired*, 565 F.3d 228, 232 (5th Cir. 2009).
4   *Id.* at 232 (citing *Cuvillier v. Taylor*, 503 F.3d 397, 403 (5th Cir. 2007) (quotation marks omitted)).

"under any legal theory."[5]

## ARGUMENT

**A.     The FLSA Does Not Preempt the LWPA**

Defendants' first argument is based on alleged preemption.[6]  In brief, Defendants argue that the federal FLSA preempts Plaintiff's state law claims – in part – under the LWPA.  (Notably, Defendants concede, in a footnote, that Plaintiff's LWPA claims for vacation time are not preempted by the FLSA).  This argument is not well taken, and the motion to dismiss should be denied.

   **i.     Legal Standard on Preemption**

Courts recognize three situations when federal laws may preempt state laws:  express preemption, conflict preemption, and field preemption.[7]  Express preemption only applies if the text of a federal statute explicitly states that it preempts state laws on that subject.  The FLSA contains no express preemption clause.[8]  Conflict preemption only applies if it is impossible for a private party to comply with both federal and state requirements, or if complying with state law creates an "unacceptable obstacle" to federal law.[9]  That is surely not not the case here, as an employer can easily comply with both the FLSA and the LWPA, simply by timely paying its employees all wages owed.

Defendants therefore presumably argue that "field preemption" applies, i.e., that Congress, in passing the FLSA, "completely displaced the possibility of state regulation," such that "federal law is so pervasive that it leaves no room for state supplementation."[10]  However, a review of the FLSA and

---

5   *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973); *see also County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818-819 (7th Cir. 2006).

6   Although the two Defendants filed separate motions, those motions contain identical analysis and legal citation regarding preemption; they are therefore addressed together in this Opposition.

7   *Estate of Miranda v. Navistar, Inc*., 23 F.4th 500, 504 (5th Cir. 2022).

8   *See, e.g., Floridia v. DLT 3 Girls, Inc*., 2013 U.S. Dist. LEXIS 3186, at *13 (S.D. Tex. Jan. 9, 2013) ("The FLSA does not expressly preempt state law…"); *Casey v. Rainbow Grp., Ltd*., 1997 U.S. App. LEXIS 42847, at *13 (5th Cir. Feb. 19, 1997)("The statute contains no indication of express preemption.") (unpub.)

9   *Demahy v. Actavis*, 593 F.3d 428, 434 (5th Cir. 2010).

10  *Id.*

the LWPA reveals that this is simply not the case.

The FLSA has two basic requirements with respect to payment of wages: employers must pay a minimum wage of at least $7.25 per hour worked (29 U.S.C. § 206), and employers must pay time-and-a-half for all hours worked past forty in a workweek (29 U.S.C. § 207).[11] However, the FLSA then provides that states may enact more generous laws with respect to the payment of wages.[12]

The Louisiana LWPA differs from the FLSA in many ways. It does not set any specific "minimum wage," or require overtime premiums for a certain number of hours worked. It does, however, state that "[u]pon the discharge of any laborer ... it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment" within 15 days, or by the next scheduled payday.[13] The "amount then due under the terms of employment" is often, as here, far higher than the $7.25 minimum wage set under the FLSA. Thus, the LWPA provides for additional rights and protections beyond the minimum standards set forth in the FLSA.

    ii.    **Courts Have Widely Recognized That Preemption Does Not Apply**

As many courts throughout the state have recognized, the FLSA does not preempt claims for final wages under the LWPA. The reasoning is simple: "the LWPA is more generous than the FLSA. Accordingly, [Plaintiff's] claim is not preempted by the FLSA, and he is entitled to seek unpaid wages at his hourly rate under his terms of employment pursuant to the LWPA."[14] The *Cavin v. Westport* decision cited here is instructive. Plaintiff brought a collective action claim under the FLSA, along with an individual LWPA claim for his full unpaid wages upon termination. The Court denied Defendant's motion to dismiss under the preemption doctrine. As the Court noted, "the FLSA

---

11  The FLSA imposes additional requirements not directly related to the payment of wages *per se*, such as mandating employer recordkeeping, 29 U.S.C. § 211(c); forbidding retaliation, 29 U.S.C. § 215; and limiting child labor. 29 U.S.C. § 212.
12  29 U.S.C. § 218.
13  La. Rev. Stat. § 23:631.
14  *Cavin v. Westport Linen Servs.*, 2018 U.S. Dist. LEXIS 243858, at *15 (M.D. La. Feb. 20, 2018).

preempts state law in this area only to the extent that state laws are less generous than the FLSA."[15] Because the LWPA allows recovery of wages in excess of the minimum wage, the state law is not "less generous," and Cavin's claim was not preempted. The motion to dismiss was denied.[16]

A similar motion to dismiss was denied, on the same grounds, in *Tillman v. La. Children's Med Ctr*.[17] The Court held that Plaintiff's "claims are not preempted because she is seeking recovery of the amount that she was not paid over and above minimum wage."[18] While the FLSA only mandates a minimum wage payment of $7.25 per hour, the LWPA "is unambiguously broad in scope; it mandates that an employer pay any amount that an employee justifiably earns under the terms of his employment."[19] As a result, the Louisiana Act provides additional relief beyond that mandated by the FLSA, and "Plaintiff is entitled to seek the amount she is owed over and above minimum wage through the LWPS, and her claim is not preempted."[20]

Judge Feldman of the Eastern District of Louisiana recently reached the same conclusion in *Kingsbery v. Paddison*.[21] In *Kingsbery*, the plaintiff filed an FLSA claim for overtime wages, along with an LWPA claim for "actual unpaid wages, including unpaid vacation." The Defendant argued that the state law claim was preempted, but "[g]iven the distinction between the FLSA overtime claim and the state law claims for unpaid wages and vacation time, the Court disagrees."[22] The Court went on to note the distinction between the two Acts:

> "Unlike the FLSA[,] the Louisiana statute at issue, the LWPA, does not establish a minimum wage or overtime protection." *See Bennett v. McDermott Int'l, Inc*., 855 Fed.Appx. 932, 2021 U.S. App. LEXIS 10948, 2021 WL 1533646 (5th Cir. April 16, 2021) (unpublished, per curiam). The

---

15 *Id.* at *15 (quoting *Cranford v. City of Slidell*, 25 F. Supp. 2d 727, 728 (E.D. La. 1998)).
16 *Id.* at *15.
17 *Tillman v. La. Children's Med. Ctr*., 2017 U.S. Dist. LEXIS 59565 (E.D. La. Apr. 19, 2017).
18 *Id.* at *8.
19 *Id.*
20 *Id.*
21 *Kingsbery v. Paddison*, 2021 U.S. Dist. LEXIS 90514 (E.D. La. May 12, 2021).
22 *Id.* at *14.

> LWPA "provides that contracted-for wages -- 'the amount then due under the terms of employment' -- must be paid to an employee within a certain time frame after termination or resignation." 2021 U.S. App. LEXIS 10948, [WL] at *3 (citing La.R.S. 23:631(A)(1)(a)). "To prove 'terms of employment,' a plaintiff need not show a written agreement existed; a 'normal procedure' or 'internal policy' will suffice." 2021 U.S. App. LEXIS 10948, [WL] at *5 (citation omitted).[23]

Again, the *Kingsbery* Plaintiff was seeking more than her minimal statutory rights under the FLSA. She also sought "additionally and distinctly for an agreed-upon earned wage for regular (not overtime) hours worked prior to her termination, plus two vacation days."[24] As a result, her LWPA claim was not preempted. This result is not only legally correct, it is wholly equitable. Otherwise, a Plaintiff's claim for unpaid wages would always be limited to a maximum of $300 per week[25] – no matter what his or her salary was. Finding preemption in these circumstances would effectively mean that, instead of enacting a $7.25 *minimum* wage, Congress would have enacted a $7.25 *maximum* wage for employers engaged in interstate commerce, as it would cap the employee's legal right to recover. Taken literally, the preemption requested by Defendants here would not only preclude state statutory wage claims like the LWPA, it would also preclude basic breach of contract or quantum meruit claims for any wages higher than $7.25 per hour. Surely if Congress intended such an unusual result, it would have done so clearly and explicitly, in the text of the statute.

Congress, of course, had no such intention. The caselaw is clear – where, as here, Plaintiff seeks payment of additional wages *over and beyond* the federal minimum wage, the claim is cognizable under the LWPA and not preempted. *A*s Judge Milazzo of the Eastern District noted, "Defendant does not cite to any case holding that a claim for the amount owed over and above minimum wage is preempted by the FLSA, nor could this Court find any.[26] That is likewise true here, as none of the

---

23 *Id.* at *14-15.
24 *Id.* at *15.
25 The $7.25 minimum wage multiplied by 40 hours.
26 *Williams v. Superior Hosp. Staffing, Inc*., 2019 U.S. Dist. LEXIS 2520, at *4 (E.D. La. Jan. 7, 2019)

decisions cited by Defendants' motion arise under the same factual circumstances alleged herein. As discussed below, Defendants' caselaw arises out of markedly different facts.

### iii. The *Lavespere* Case Does Not Control

Defendants rely primarily on *Lavespere v. Terminix Int'l Co. Ltd. P'ship*,[27] a decision by Magistrate Perez-Montes which is distinguishable both procedurally and factually.

First, the *Lavespere* decision is procedurally distinguishable because it did not arise out of a motion to dismiss. It arose from a motion for remand. The *Lavespere* plaintiff originally filed a petition in state court, and the Defendant sought to remove it to this Court on the basis that any claim for wages must necessarily be preempted by the FLSA.[28] The Court first held that the "undersigned has not located any cases applying complete preemption to the FLSA."[29] It further held, under the well-pleaded complaint rule, there was no explicit reference to the FLSA in the complaint and, resolving ambiguities in favor of the plaintiff, the matter would be remanded.[30] This is a very different argument from the one presented by Defendants here, and Defendants' argument is not addressed in *Lavespere*.

Defendants place great weight on *dicta* from the *Lavespere* case stating that "when a plaintiff presents **claims for overtim**e under both statutes, the FLSA claim preempts state law for employees engaged in interstate commerce."[31] However, this statement is clearly inapplicable to the case at bar, because Plaintiff Taylor is not presenting a claim for overtime under *either* statute. The word "overtime" does not even appear in Taylor's Complaint.

*Lavespere* simply states that a plaintiff cannot simultaneously assert two duplicative claims for overtime in the same action – one under federal law, one under state law. This ruling has nothing to do with Mr. Taylor's lawsuit. Mr. Taylor is not seeking overtime pay, and his federal law and state law

---

27  *Lavespere v. Terminix Int'l Co.*, 2020 U.S. Dist. LEXIS 232782, at *1 (W.D. La. Nov. 19, 2020).
28  *Id.* at *4-5.
29  *Id.* at *10.
30  *Id.* at *10-11.
31  *Id.* at *9 (emphasis added).

claims are not duplicative. As noted earlier, Plaintiff's LWPA claim seeks recompense for his unpaid salary "above and beyond" the federal minimum wages, not a claim for overtime pay. As Judge Trimble held, this distinction makes a critical difference:

> [T]o the extent that plaintiff seeks to recover overtime under both the FLSA and the LWPA, plaintiff's claims under the LWPA must be dismissed. We are convinced, however, that plaintiff's claim for payment of non-overtime hours to which he would be entitled, were the issue of his status under the FLSA decided in favor of defendants, would remain cognizable under the LWPA, provided plaintiff can meet the other elements of such state law claim.[32]

The two lines of cases are therefore easily reconcilable. If a plaintiff seeks payment of overtime wages under both the FLSA and the LWPA, the LWPA claim may be held duplicative and preempted. If the plaintiff seeks "non-overtime hours," the LWPA claim is not preempted. Here, Mr. Taylor is seeking his regular $2,500 weekly salary, not overtime pay. His LWPA claim is thus not preempted.

**B.      Plaintiff Adequately Pleaded Individual Liability Under the LWPA**

   **i.      Plaintiff Adequately Pleaded Individual Liability**

Defendant Bradford Melancon further urges the Court to dismiss Plaintiff's individual liability claim under the LWPA.[33] This motion should be denied, as the allegations of the Complaint place Melancon on adequate notice of the basis for the individual claims against him.

It is well-settled that the federal system is one of notice pleading, and "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."[34] "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[35] Under this lenient standard, the Complaint is more than sufficient to apprise Melancon of the nature of the claims against him.

---

32  *McCumber v. Eye Care Ctrs. of Am., Inc*., 2011 U.S. Dist. LEXIS 42647, at *42 (M.D. La. Apr. 20, 2011) (Trimble, J.) (sitting by designation in the Middle District).
33  Dkt. #15-1 at pp. 2-3. Melancon does *not* move for dismissal of individual liability under the FLSA claim.
34  *McManus v. Fleetwood Enterprises, Inc*., 320 F.3d 545, 551 (5th Cir. 2003).
35  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2D 1081 (2007).

It is highly noteworthy that the decision relied on by Defendant, *Martin v. Spring Break '83 Prods., LLC*, 797 F. Supp. 2d 719 (E.D. La. 2011), arose on a motion for **summary judgment**, not a motion to dismiss. The *Martin* court therefore had the benefit of a developed factual record, after discovery and document production. Plaintiff Taylor likewise deserves the opportunity to develop a factual record to prove individual liability, and Defendant's motion should be denied as premature.

In *Martin*, the court identified "four general circumstances" allowing for personal individual liability under the LWPA: (1) if a third party is a victim of fraud, breach of professional duty, negligence, or another wrongful act by the individual member of the LLC; (2) if the members of the LLC use the corporate form to defeat public convenience, justify wrong, protect fraud, or defend crime; (3) if adherence to the corporate form would clearly result in inequity; and (4) if there is evidence of misuse of corporate privilege.[36] The allegations of the Complaint, along with the reasonable inferences drawn in favor of Plaintiff, would suffice to establish these factors if the matter were to proceed to trial.

First, the Complaint alleges that Melancon is "the sole owner and managing member of South LA Contractors, LLC. He acts, or has the power to act, on behalf of the company," and that he "sets company-wide pay practices and policies, including the policies complained of herein."[37] Plaintiff further alleges that he made personal, specific demand for unpaid wages and vacation time to Melancon, by text message and by certified mail.[38] Melancon did not respond; nor did he pay Plaintiff.

These allegations are clearly sufficient to show that a third party (here, Plaintiff) was subject to a "breach of professional duty, negligence, or another wrongful act by the individual member of the LLC." Melancon is the one individual member of this LLC, and he breached his duty to pay an employee all wages owed. This wrongful act – committed individually, and personally, by Melancon – gives rise to this case. This is not a situation where Melancon is a limited partner, or one of many

---

36  *Id.* at 724-725 (internal citations and punctuation omitted).
37  Dkt. #1 at ¶¶ 12-13.
38  *Id.* at ¶¶ 19-21.

shareholders who was not personally involved in an allegedly unlawful pay practice. It was Melancon, front and center, who made the decisions to short Taylor's last week's pay and not to pay his vacation pay, and Melancon should be held personally responsible for those decisions. Similarly, to the extent that Melancon seeks to hide behind the corporate form to avoid paying Taylor's rightly earned wages (which appears to be the case), that violates the third factor cited above: "adherence to the corporate form would clearly result in inequity."

The case for individual liability has only strengthened since the Complaint was filed. It appears that, for all practical purposes, South La. Contractors LLC ceased existing. Plaintiff's process server went to its supposed headquarters and found it abandoned and empty.[39] On the same day this lawsuit was filed, Melancon started a new LLC, Red Stag Construction, LLC, and apparently switched operations (and potentially assets) to the new company.[40] These actions, along with the numerous other lawsuits pending against South La. Contractors, LLC,[41] suggest a possible misuse of the corporate privilege and/or a situation where strictly applying the corporate shield would result in inequity.

To be sure, Plaintiff does not have access to accounting records and other fiscal information of South La. Contractors, LLC, Red Stag Construction, or Melancon. But that is precisely why the motion to dismiss should be denied and discovery should be allowed. An underpaid employee would *never* have access to those kinds of detailed records of corporate misfeasance, absent the right to discovery or the use of subpoena power. Plaintiff should be given the opportunity to conduct discovery and litigate this issue. If Defendants have a legitimate defense on the merits, they will have the right to prove it at trial, but only based upon a full and complete evidentiary record.

//

---

39  *See* Dkt. 3-2, affidavit of R. Ancelet, ¶ 10 (noting that South La. Contractor's listed address is an "abandoned office" with a fence around it and no one present); *see id.* at ¶ 14 (neither listed business location is active).
40  *Id.* at ¶ 5.
41  *See id.* at ¶ 13.

### ii. Alternatively, the Court should Permit Amendment

In the alternative, Plaintiff should be permitted to amend his complaint to add additional factual allegations regarding Mr. Melancon's personal liability, as well as potentially adding Red Stag Contruction, LLC as a successor entity to South La. Contractors. Under Rule 15(a), leave to amend a complaint "shall be freely given when justice so requires." This standard is "very liberal,"[42] and "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial."[43] Where, as here, the scheduling order deadline to amend the complaint has not expired, the justification for allowing amendment is even stronger.

Although Plaintiff believes the allegations in the Complaint state a claim for individual liability, if the Court is inclined to grant Defendants' motion on this point, the ruling should be without prejudice and with the right to amend to add additional facts as set forth above.

//

Respectfully Submitted,

*/s/ Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

---

[42] *House of Raeford Farms of La., LLC v. Poole*, 2020 U.S. Dist. LEXIS 100703, *8 (W.D. La. June 8, 2020).
[43] *Martin's Herend Imports v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999).