UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Philip Taylor | Civil Action No. 22-0217 |
| versus | Judge Robert R. Summerhays |
| South LA Contractors, LLC, et al. | Magistrate Judge Carol B. Whitehurst |

### MINUTES OF SHOW CAUSE HEARING AND REPORT AND RECOMMENDATION

On January 18, 2023, the undersigned magistrate judge conducted a Rule to Show Cause in open court, where defendants, Bradford Melancon and South LA Contractors, LLC ("SLC"), had been ordered to appear and show cause why SCL should not be sanctioned for repeated failures to enroll new counsel, comply with court orders, and appear at court-ordered conferences. The show cause hearing represents the Court's most recent attempt to engage with defendant Bradford Melancon, the alleged sole owner and managing member of SLC. Mr. Melancon failed to make an appearance at the January 18, 2023 hearing, at which time the plaintiff moved for sanctions. After considering the arguments of the plaintiff, and for the reasons set forth herein, IT IS RECOMMENDED that SLC be sanctioned in the following manner: (1) DENIAL AND DISMISSAL WITH PREJUDICE of SLC's counterclaim; and (2) entry of default against SLC, all as more fully set forth hereinbelow.

1

## **Factual and Procedural History**

The instant lawsuit arises out of an employment relationship between the plaintiff and defendant SLC. In his Complaint, the plaintiff alleges that he began working for SLC and Melancon in August 2020, at a pay rate of $2,500 per week. Plaintiff alleges he last worked for SLC on October 8, 2021, but that SLC has failed to pay his wages for his last week of work, ending on October 8, 2021. The plaintiff also alleges that he accrued three weeks of vacation time during his employment, that he did not take any vacation time during his employment, and that SLC owes him for three weeks' accrued as well as unused vacation, valued at $7,500.00. SLC filed a counterclaim for the value of a laptop computer, which SLC alleges the plaintiff took with him when he left the company.

The lawsuit was filed on January 25, 2022, and the Clerk of Court entered a preliminary default [Doc. 9] on March 29, 2022, after the defendants failed to file an Answer to the Complaint within the prescribed time period. On April 14, 2022, upon motion of the defendants through counsel, Judge Summerhays set aside the default [Doc. 14]. The defendants filed an Answer to the Complaint on May 17, 2022 [Doc. 24] and, thereafter, trial of this matter was set on April 3, 2023 [Doc. 42].

On November 7, 2022, counsel for the defendants moved to withdraw [Doc. 49], and the undersigned set a telephone conference to discuss the motion on

November 29, 2022. Because the withdrawal of defense counsel would leave SLC unrepresented, which is not permitted under the Federal Rules of Civil Procedure,[1] Mr. Melancon was ordered to appear at the telephone conference in his capacity as the managing member of SLC [Doc. 51]. Notice was provided to Mr. Melancon via regular and certified mail at the two addresses he provided to the Court, however the mail was returned as undeliverable and Mr. Melancon failed to attend the conference. During the conference, Mr. Bonaventure explained to the Court that he had previously advised Mr. Melancon of the date and time of the November 29, 2022 conference call by email; nevertheless, Mr. Melancon failed to appear.

Following the November 29, 2022 telephone conference, the undersigned granted the Motion to Withdraw Mr. Bonaventure as counsel and ordered that SLC enroll new counsel within thirty days. [Doc. 57]. The Court further ordered that all parties participate in a January 5, 2023 telephone conference to discuss the status of the case once new defense counsel was enrolled. It was specifically ordered that Mr. Melancon appear at the January 5, 2023 conference, and Mr. Melancon was

---

[1] *See, e.g., Pharma Funding LLC v. Verde Pharmacy & Med. Supply LLC*, 2022 WL 895056, at *2 (N.D. Tex. Mar. 14, 2022), report and recommendation adopted, 2022 WL 1128958 (N.D. Tex. Apr. 15, 2022) ("insofar as it is neither an individual nor a sole proprietorship, [an LLC] is not permitted to proceed pro se or through a non-attorney but rather must be represented by an attorney in litigation in federal court. . . "); *see also M3Girl Designs, LLC v. Purple Mountain Sweaters*, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010) (accord); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'") (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

cautioned that failure to appear could result in the imposition of sanctions [*Id.*]. Notice of the January 5, 2023 conference was provided to Mr. Melancon via regular and certified mail at the two addresses listed on the docket sheet, as well as via an email address for Mr. Melancon provided by Mr. Bonaventure.

Between December 5, 2022 and December 12, 2022, all mail that was sent to Mr. Melancon at the addresses listed on the docket sheet was returned as undeliverable, and Mr. Melancon did not participate in the January 5, 2023 conference. Additionally, no new counsel enrolled on behalf of SLC within the deadline set by the Court. At the January 5, 2023 conference, the undersigned ordered that a Rule to Show Cause would be conducted on January 18, 2023 [Doc. 63], at which time Mr. Melancon could address why he should not be sanctioned, as the managing member of SLC, for failure to enroll new counsel on behalf of the company and failure to comply with court orders. Mr. Melancon was again cautioned that failure to appear would result in the imposition of sanctions including, but not limited to, the dismissal of SLC's counterclaim for the value of the laptop.

Shortly after the January 5, 2023 telephone conference, plaintiff's counsel, Charles Stiegler, emailed the Court with information about the case and added Mr. Melancon to the email. Mr. Melancon replied to the email, explaining that he intended to retain new counsel. Faced with the opportunity to directly address Mr. Melancon, who had heretofore ignored all notices sent by the Court, this Court

4

responded to Mr. Melancon by email, informing him that the Rule to Show Cause had been set on January 18, 2023 and warning him of the legal consequences of a failure to appear. Notice of the show cause hearing was also provided to Mr. Melancon via regular and certified mail at the two addresses listed on the docket sheet, as well as via email. On January 18, 2023, Mr. Melancon failed to appear at the Show Cause hearing. At the hearing, plaintiff orally moved for sanctions against SLC, including dismissal of SLC's counterclaim and entry of default against SLC for its failure to enroll new counsel and for its repeated failures to comply with court orders.

## Law and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order. *Castro & Co., LLC v. Polymath Inc.*, 2019 WL 4246600, at *2 (N.D. Tex. Sept. 6, 2019), *citing Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (footnote and citation omitted). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Castro*, 2019 WL 4246600, at *2, *citing Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to

be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Castro*, 2019 WL 4246600, at *2, *citing Long*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

In the instant case, the Court does not know the basis for SLC's failures to comply with the Court's orders to enroll new counsel, participate in telephone conferences, or appear at open-court hearings. Nevertheless, the Court views SLC's disregard for the Court's orders as contumacious conduct. Here, the Court employed lesser sanctions by providing SLC at least two opportunities to comply with its orders before it dismisses SLC's counterclaim, yet SLC failed to comply. Despite repeated warnings from the Court, SLC has not obtained counsel to represent it and has repeatedly failed to appear at telephone conferences and court hearings. After acknowledging receipt of an email addressed to the Court, Mr. Melancon pointedly ignored a direct message from the Court informing him of the date and time of the

January 18, 2023 show cause hearing and again failed to appear. Accordingly, mindful of its inherent power to control its docket and prevent undue delays in the disposition of this pending case, IT IS RECOMMENDED that SLC's counterclaim for the value of the laptop be DENIED AND DISMISSED WITH PREJUDICE.

At the show cause hearing, the plaintiff also moved for an entry of default against SLC for its failure to enroll new counsel and comply with court orders. "It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P." *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006), *cert denied*, 127 S.Ct. 962 (2007), *citing SEC v. Research Automation Corp.,* 521 F.2d 585, 589 (2d Cir.1975); *accord Jacobs v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 568 (2d Cir.2000). When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default. *Mount Vernon Fire Ins. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009).[2]

---

[2] *See also* August 15, 2018 Ruling and Order entered by Judge Jackson in *Diamond Services Corp. v. Oceanografia SA DE CV, et al.*, Civil Action No. 10-0177 (W.D. La.), Doc. 236.

In *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, 2021 WL 5883136, at *8 (N.D. Tex. Dec. 10, 2021), the district court explained:

> It is a well-settled principle that a defendant's failure to comply with the Court's orders is a sufficient basis for entering a default judgment. *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (ultimately citing *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) ("There is ample authority to uphold a district court's power to order entry of a default for failure to comply with court orders or rules of procedure.")). And "[a]lthough this [C]ourt prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, when a party's delay is the result not "of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware," *id.*, a default judgment is well-supported. *See Tech. Chem. Co. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224 (5th Cir. 1987) (affirming the entry of default judgment against a pro se defendant because it "is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order"); *see also infra* at 3.B.i (concluding that the defendants' default was willful).

In the instant case, SLC has repeatedly failed to appear by counsel, or appear at all, despite being given several opportunities to comply. The record set forth herein demonstrates that SLC, through its managing member, Bradford Melancon, has engaged in a clear pattern of delay and has failed to adhere to court deadlines of which he was well-aware. For these reasons, the undersigned recommends that a default be entered against SLC.

Considering the foregoing,

**IT IS RECOMMENDED** that SLC's counterclaim against the plaintiff for the value of the laptop be DENIED AND DISMISSED WITH PREJUDICE.

**IT IS FURTHER RECOMMENDED** that a default be entered against SLC.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this Report and Recommendation to Mr. Melancon, by both regular and certified mail, at the following addresses:

Bradford Melancon
632 Kilchrist Rd.
Carencro, LA 70520

Bradford Melancon
P. O. Box 448
Carencro, LA 70520

South LA Contractors, LLC
100 Saul Drive
Scott, LA 70583

Finally, the Clerk of Court shall email a copy of this Report and Recommendation to Mr. Melancon at southlacontractorsllc@yahoo.com.

Thus done and signed this 20th day of January, 2023 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE